The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith*, 176 Ohio App.3d 119, 2008-Ohio-1682.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21464.

Decided April 4, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Mark J. Keller, Assistant Prosecuting Attorney, for appellee.

Robert Alan Brenner, L.L.C., and Robert Alan Brenner, for appellant.

VALEN, Judge.

{¶ 1} Defendant-appellant, Ronald Smith, appeals from his conviction for having a weapon while under disability and carrying a concealed weapon.

{¶ 2} The facts relevant hereto are as follows. On April 23, 2005, Dayton Police Officers initiated a traffic stop of a vehicle owned and driven by Amber Ross. The stop was made in response to information received by police indicating that Ross had outstanding warrants for her arrest and that she had a handgun in the car.

{¶ 3} At the time of the stop, Smith was in the back seat on the passenger side of the vehicle. Another person, Amber Joyce, was in the back seat on the driver's side. A fourth person, Dana Lindsey, was in the front passenger seat. Following the stop, Ross was arrested and the vehicle was towed. An inventory search of the vehicle produced a .40 caliber Beretta handgun, which was found mixed in with trash under the driver's seat.

{¶ 4} When questioned by police, Lindsey stated that Smith gave Joyce the gun and that Joyce placed the gun under the driver's seat. Smith was arrested and indicted for carrying a concealed weapon and having a weapon while under disability. Following a jury trial, he was convicted as charged and sentenced to a prison term of six and one-half years. From his conviction and sentence, Smith now appeals.

{¶ 5} Smith raises the following six assignments of error:

{¶ 6} "The trial court erred when it overruled Mr. Smith's Rule 29 motions for acquittal.

{¶ 7} "The trial court committed plain error by allowing the state to constructively amend the indictment.

{¶ 8} "Mr. Smith's convictions were against the manifest weight of the evidence.

{¶ 9} "The trial court erred by sentencing Mr. Smith for fourth degree felony carrying a concealed weapon when the guilty verdict failed to state the degree of the offense or that any additional elements were present.

{¶ 10} "Mr. Smith was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.

{¶ 11} "The trial court erred by sentencing Mr. Smith to maximum and consecutive prison terms based on factfinding in accordance with statutes that have been declared unconstitutional by the Ohio Supreme Court."

{¶ 12} We need address only the first assignment raised, because that disposes of the entire appeal. In the first assignment of error, Smith contends that the trial court should have granted his Crim.R. 29 motion for acquittal. In support, he argues that the state failed to present evidence sufficient to support his convictions.

{¶ 13} Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal on one or more offenses charged in the indictment if the evidence is insufficient to sustain a conviction of such offense or offenses. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis* (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact" Id.

{¶ 14} In order to convict Smith of carrying a concealed weapon, the state was required to prove that Smith knowingly carried or had, concealed on his person or ready at hand, a handgun. R.C. 2923.12(A)(2). The state was also required to prove that Smith had knowingly acquired or carried the handgun after having been convicted of possession of cocaine. R.C. 2923.13(A)(1–3).

{¶ 15} At trial, the state produced the testimony from one of the arresting officers, who testified that he observed the "shoulder moving, dipping down * * * on the backseat passenger-side occupant." The officer also testified that immediately thereafter, the other back-seat passenger was observed making a "furtive movement" by leaning "forward as if they're stuffing something underneath the driver's seat."

{¶ 16} The state also presented the testimony of Dana Lindsey. Lindsey testified that Ross had told him that she had a gun in the car before he and Ross picked up Smith. He further testified that he did not see a gun until the police were initiating the stop. He testified that before the stop, he had tried to pass an alcohol bottle to Smith, but that Smith was "passed out." Finally, he testified that while the police were pursuing the vehicle, he observed Ross remove a gun from the car console, eject a bullet from it, and pass it to Joyce who was behind her.

{¶ 17} The state then attempted to impeach Lindsey by using his prior unsworn statement, in which he indicated that Smith had the gun and that he handed it to Joyce to put under the driver's seat. The trial court permitted the state to question Lindsey about the prior statement. However, when asked about the statement, Lindsey testified that he had lied in the statement because he wanted to prevent Ross from going to jail.

{¶ 18} Smith, who testified in his own defense, denied that the gun was his or that he attempted to conceal it.

{¶ 19} At oral argument, the state conceded that the prior statement made by Lindsey couldn't be used as substantive proof of Smith's guilt. Thus, the only evidence presented by the state was Lindsey's statement that the gun was not Smith's and that it had not been in Smith's possession, and the statement of the police officer who observed Smith dip his shoulder during the stop. In other words, the record is devoid of any evidence tending to show that Smith committed the charged offenses.

{¶ 20} Based upon the evidence in this case, we must conclude that the trial court erred by denying Smith's motion for acquittal. Quite simply, the only evidence that Smith had a gun came from the unsworn statement made prior to trial by Lindsey, a statement that was repudiated under oath and that the state admits cannot be used as substantive evidence of the crime. Thus, we conclude that the record is devoid of any competent evidence upon which a reasonable juror could rely to find that Smith knowingly carried or concealed a handgun or that he knowingly acquired the handgun after having been previously convicted of possession of cocaine. Therefore, Smith's first assignment of error is sustained, and the judgment of the trial court is reversed and vacated. Given our disposition of the first assignment of error, we need not address any of his remaining arguments as they are all rendered moot.

Judgment reversed.

BROGAN and DONOVAN, JJ. concur.

ANTHONY VALEN, J., retired, of the Twelfth District Court of Appeals, sitting by assignment.